# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| HHT, LLC, <br><br> Plaintiff, <br><br> v. <br><br> THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE "A", <br><br> Defendants. | No. 23-cv-04083 <br><br> Judge Edmond E. Chang <br> Magistrate Judge Jeffrey I. Cummings |

## MOTION FOR EXTENSION OF TIME TO SERVE COMPLAINT

Plaintiff HHT, LLC, ("Plaintiff"), by and through its undersigned counsel, hereby moves this Court for an extension of time for service of the Summons and Complaint on Defendants identified in Schedule A to the Complaint (ECF No. 6-1). Good cause for this extension exists as Plaintiff is waiting for the Court to rule on a pending motion and encountering difficulties in identifying John Doe Defendants, as discussed more fully below.

## BACKGROUND

On June 26, 2023, Plaintiff filed a Complaint (ECF Nos. 1 and 6) alleging trademark infringement and counterfeiting, false designation of origin, design patent infringement, copyright infringement, violation of the Illinois Uniform Deceptive Trade Practices Act, and civil conspiracy against the Defendants identified in Schedule "A" of the Complaint ("Defendants").

On June 27, 2023, Plaintiff filed its Motion for an *Ex Parte* Temporary Restraining Order (the "TRO") (ECF No. 7). The proposed TRO submitted by Plaintiff requires third-party e-commerce platforms to provide Plaintiff with information regarding the named Defendants, specifically, their email addresses, mailing addresses, other contact information, the amount frozen

1

in each Defendant's account, and the number of sales of infringing goods. Without the TRO entered, the Platform is not obligated to comply with Plaintiff's subpoena and provide the requested information.

Federal Rule of Civil Procedure 4(m) provides a limit of 90 days to serve the Complaint on the John Doe Defendant(s). The deadline for service of the Complaint in this matter is September 24, 2023. However, in the absence of the TRO, Plaintiff could not obtain Defendants' contact information from the e-commerce platforms where their online stores operate[1] within the time provided by the rule. The delay in receiving data prevented Plaintiff from timely completing the service of process prior to the deadline for service of process.

## ARGUMENT

Rule 4(m) specifies that a court "must extend the time for service for an appropriate period" where the plaintiff can show good cause for its inability to serve a defendant within 90 days. Fed. R. Civ. P. 4(m). "Typically, to constitute good cause for the extension of the service period under Rule 4(m), the plaintiff must show a valid reason for delay. . ." *Stone v. Chi. Inv. Grp., LLC*, No. 11-C-51, 2011 WL 6841817, at *6 (N.D.Ill. Dec.29, 2011); *see also Coleman v. Milwaukee Bd. of Sch. Dirs.*, 290 F.3d 932, 934 (7th Cir.2002). ("Good cause means a valid reason for delay...."). To determine if good cause exists, courts will examine whether the Plaintiff acted in good faith in making the extension request and whether the Plaintiff exercised reasonable diligence in attempting to effect service within the 90-day period when analyzing whether to grant an extension of time. *See, e.g., Young v. City of Chicago*, No. 94-C-5753, 1995 WL 562093, at *4 (N.D. Ill. Sept. 21, 1995) ("Good cause requires some showing of good faith by the party seeking an enlargement and some reasonable basis for noncompliance within the time specified."); *Conwell*

---

[1] Alibaba, AliExpress, Amazon, eBay, Joybuy, and Walmart.

*v. Cook Cty.*, No. 12-C-10062, 2015 WL 4973086, at *6 (N.D. Ill. Aug. 18, 2015) ("A plaintiff must show at least 'reasonable diligence' in his efforts to serve the defendant for good cause to be found.")

Courts have found that good cause exists for an extension to serve a complaint when a Plaintiff is waiting on a third-party subpoena to identify a John Doe Defendant. *See, e.g., Malibu Media, Inc. v. John Doe*, No. 3:13-cv-204, 2013 WL 1238288 at *2 (N.D. Ind., July 15, 2013) (noting that Plaintiff "has failed to effectuate service within the time allotted under Fed. R. Civ. P. 4(m) because Comcast has not released the identity of its customer connected to the IP address in the third-party subpoena" and granting the motion because Plaintiff "has demonstrated good cause" for the extension under Rule 6(b)(1)). *See also Aviles v. Vill. of Bedford Park*, 160 F.R.D. 565, 568 (N.D. Ill. 1995) (denying defendant's motion to dismiss for failure to comply with Rule 4(m) and noting that the Plaintiff "has initiated discovery aimed at determining the officers' identities, and we are hesitant to dismiss a potentially meritorious lawsuit on essentially procedural grounds when such discovery requests are outstanding").

In this case, good cause exists for an extension of the deadline for service. Plaintiff filed a Motion for *Ex Parte* TRO in this matter on June 27, 2023, seeking the court's permission to obtain Defendants' contact information from the Platforms. However, as of this filing, the Motion remains pending. Without a TRO entered, Plaintiff was unable to acquire the necessary data from the platforms prior to the Rule 4(m) deadline for service of process.

## CONCLUSION

For the reasons stated above, Plaintiff respectfully requests that this Court grant its Motion for Extension of Time and provide an additional 90 days, to and including December 23, 2023, to serve the Complaint upon Defendants.

3

Dated: September 19, 2023        Respectfully submitted,

HHT, LLC

By <u>/s/James E. Judge</u>

Zareefa B. Flener (IL Bar No. 6281397)
James E. Judge (IL Bar No. 6243206)
Flener IP Law, LLC
77 W. Washington St., Suite 800
Chicago IL 60602
(312) 724-8874
jjudge@fleneriplaw.com

*Attorneys for Plaintiff*